*476 Graham, J.
(dissenting). At trial, the sole issue for the jury was the amount of the plaintiff’s damages. The evidence presented by the plaintiff was as follows. Dr. Francis Rockett, a neurosurgeon employed at the Newton-Wellesley Hospital, testified that the accident caused the plaintiff to suffer the herniation of the disc between her fourth and fifth cervical vertebrae. The pressure of the disc against ligaments in her spine and a left-sided nerve root caused her to have pain in the affected areas when she engaged in various activities and prevented her from lifting heavy objects, performing yard work, or carrying large items. Dr. Rockett opined that, as a result of the accident, the plaintiff was disabled permanently from her job as a Delta Airlines customer gate agent.
The plaintiff, a forty-six year old woman employed by Delta Airlines for twenty-three years at the time of the accident, had an annual salary at the time of the accident of approximately $40,000 per year, with annual raises of approximately four per cent available in each of the three years after the accident.[1] In addition, the plaintiff received free travel benefits for herself and her family, paid vacation time, and ten paid holidays per year, together with medical insurance, life insurance, and pension benefits. The medical benefits alone were worth more than $12,000 per year.
Both the plaintiff and her husband testified regarding the physical and emotional effects of the accident on the plaintiff. Each testified that the accident impaired the plaintiff’s ability to participate in her previous activities and diminished her quality of life.
The defense relied on cross-examination of the plaintiff’s witnesses, seeking to impeach their credibility. In addition, the defense presented testimony, via videotape, from Dr. Joseph D’Alton, a doctor who had neither examined nor treated the plaintiff. The trial was short and presented a classic case of credibility for the jury to determine.
While acknowledging the improprieties in the conduct of plaintiff’s counsel, the judge, in light of her curative instructions, was *477 “not persuaded that the jury’s verdict reflects anything other than its permissible judgment of the credible evidence.” In rejecting the defendants’ motion for new trial or remittitur, the judge determined that the jury could fairly have assessed the plaintiff’s economic losses “in the range of one million dollars” and, in addition, “could properly have awarded a substantial additional amount for physical and emotional pain and suffering.”
In my view, the motion judge, who was also the trial judge, did not abuse her considerable discretion in denying the motion. I would defer to her view. See Gath v. M/A-Com, Inc., 440 Mass. 482, 495 (2003) (“The judge was in the best position to evaluate the effect on the jury of the improper argument”).
The majority of the court, hesitant (and properly so) to say outright that the judge abused her discretion, instead turns to the prejudicial error standard as its basis for overturning the judgment on the direct appeal. That analysis is flawed for several reasons. At the threshold, the defendants did not preserve for appeal their arguments about uncured prejudice from plaintiff’s counsel’s antics. Their contemporaneous objections alone were not enough: once the defendants’ objections were sustained, they did not ask for specific curative instructions, and when the judge gave her own curative instructions, the defendants did not object or request any additional instructions or actions. Tellingly, at no time did defense counsel move for a mistrial. Finally, defense counsel did not object after the final jury charge was given, instead pronouncing himself satisfied. The issue of the sufficiency of the judge’s instructions (or claimed insufficiency) has been waived. See Boston Edison Co. v. Massachusetts Water Resources Authy., 459 Mass. 724, 740 (2011), citing Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974) (failure to object to the giving or omission of instructions at trial waives right to claim error on appeal).[2] I am concerned that the court, by relying on waived *478 issues to upend a trial judge’s discretionary determination in a civil case, has strayed too close to the restraining line between error correction and substitution of judgment.
Waiver of the issues aside, I am also persuaded that the majority has overestimated the prejudice caused by plaintiff’s counsel’s actions, inexcusable though they were. A number of factors suggest an insignificant risk that the jury were inflamed or distracted. (1) The trial was clearly focused solely on the issue of damages — the stipulation to liability was emphasized to the jury throughout the trial. (2) The vast majority of the evidence went in without objection or controversy, whereas the inadmissible evidence was only a small part and passed quickly. (3) Although there were opposing experts, the plaintiff’s expert testified live and the defendants’ did not. Testimony presented by video recording or transcript is often less effective than live testimony. Moreover, the plaintiff’s expert had personally examined the plaintiff, while the defendants’ expert had not. (4) The husband’s testimony was extremely affecting — it painted a moving picture of a woman whose life activities have been seriously curtailed by the train crash. A significant portion of the undifferentiated damages award may have related to this suffering. (5) The defendants’ tactical decision to call the plaintiff’s Delta Airlines supervisor to the stand clearly backfired. His testimony favored the plaintiff, including vouching for her value as a long-time employee. (6) The trial judge allowed the jurors to ask questions after each witness’s testimony and those questions reveal a focus only on pertinent issues. (7) The jury did not rush to a verdict. They deliberated for one hour after the closings and returned to deliberate for almost a full additional day. Considering that the trial was short, this was a long deliberation — which undercuts the notion that the jury were inflamed by plaintiff’s counsel. (8) Finally, I am inclined to believe that the judge’s interventions with the jury had more curative value than the majority is willing to recognize.
I respectfully dissent.

Pursuant to Delta Airlines policy, if a gate attendant was not needed at the end of a shift, the attendant could leave work early and forfeit pay for the hours of work missed. Before the train crash in 2009, the plaintiff at times took advantage of that policy, reducing her income somewhat as a result.

Similarly waived is any argument relying on the sufficiency of the evidence of damages. The defendants neither moved for a directed verdict nor for judgment notwithstanding the verdict (judgment n.o.v.). See Hatton v. Meade, 23 Mass. App. Ct. 356, 361 (1987) (“[Wjhere a losing party has not moved for a directed verdict at the close of all the evidence, [Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974),] not only precludes [a] the granting to that party of a motion for judgment n.o.v., but also [b] appellate review of the sufficiency of the evidence to support the verdict”). The argument that there was insufficient evidence to support an award of lost earning capacity is therefore waived — the judge told the parties that she would allow the jury to use their own common sense about how long the plaintiff would continue to work, and the defendants *478 did not object. Nor did they object when she told them that she would allow the jury to discount to present value in the absence of expert testimony on how to perform such a calculation.